**IN THE COURT OF APPEALS OF IOWA**

No. 24-1360
Filed October 30, 2024

**IN THE INTEREST OF B.W.,**
**Minor Child,**

**K.H., Father,**
     Appellant.
_____

     Appeal from the Iowa District Court for Scott County, Cheryl Traum, Judge.

     A father appeals the order terminating his parental rights to his minor child.

**AFFIRMED.**

     Jean Capdevila, Davenport, for appellant father.

     Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

     Brian P. Donnelly of Mayer, Lonergan & Rolfes, Clinton, attorney and guardian ad litem for minor child.

     Considered by Tabor, C.J., and Ahlers and Sandy, JJ.

**AHLERS, Judge.**

The juvenile court terminated a mother and father's parental rights to their child, born in 2022. Only the father appeals.

Review of orders terminating parental rights follows the familiar three-step process of determining whether the State established a statutory ground for termination under Iowa Code section 232.116(1) (2024), whether termination is in the child's best interests as assessed using the framework spelled out in section 232.116(2), and whether a permissive exception to termination provided for in section 232.116(3) should be applied. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). Our review is de novo. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022).

While our review follows a three-step process, we do not address any steps not challenged on appeal. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The father challenges only the first step—whether the State established a statutory ground for termination—so we limit our discussion to that issue.[1]

The juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(d), (e), (h), (i), and (*l*). Because the juvenile court found multiple grounds for termination, we may affirm on any of those grounds supported by the record. *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We focus on paragraph (h), which permits termination upon clear and convincing proof that

---

[1] Due to the limited substantive arguments following the single issue heading included in the father's petition on appeal, it is not clear what issue(s) the father asks us to address. We have done our best to discern the issues raised and have concluded that the father is only challenging the statutory grounds for termination. If the father intended to raise any other issues, we find those issues waived due to failure to properly identify and provide substantive arguments in support of them. *See* Iowa R. App. P. 6.903(2)(g)(3).

(1) the child is three years of age or younger; (2) the child has been adjudicated a child in need of assistance; (3) the child has been removed from the physical custody of the parents for at least six of the last twelve months; and (4) the child cannot be returned to the custody of the parent. Iowa Code § 232.116(1)(h). While not identified by subparagraph number, we conclude the substance of the father's challenge is focused on the fourth element.

Following our de novo review, we agree with the juvenile court that the child could not be placed in the father's custody at the time of the termination hearing. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (holding that "at the present time" as referenced in section 232.116(1)(h) means at the time of the termination hearing). While the father has several parenting deficiencies that support a finding that the child could not be placed in his custody at the time of the termination hearing, we focus on the most critical one—the father's inability to provide for the child's significant health needs.

The child has a myriad of health issues, starting from birth, when she tested positive for amphetamine, methamphetamine, and THC (the main psychoactive component of marijuana), requiring her to be placed in the neonatal intensive care unit. The child has since been diagnosed with global developmental delay. Although over two years old at the time of the termination hearing, she cannot walk or talk, has difficulty swallowing, and has significant allergies. The allergies are severe enough to require her caretakers to always have on hand a medical device to inject the child with epinephrine to counteract life-threatening allergic reactions. As a result of these health issues, the child sees multiple specialists and receives medical services on a regular basis.

Even though attending these medical visits would provide the father with the knowledge necessary to care for his young daughter, he failed to participate in and attend a substantial number of the visits. When service providers attempted to incorporate some of the child's medical appointments into the father's visitation time, the father failed to see it as an opportunity to improve his parenting by learning how to care for his daughter's medical needs. Instead, he exhibited frustration with the service providers for cutting into his visitation time, and he even terminated one of the visits early by storming off.

The father's failure to learn to adequately address his daughter's significant medical issues prevents him from being a safe placement option. As the State proved that the child could not be placed safely in the father's custody at the time of the termination hearing, the State met its burden of proving a ground for termination by clear and convincing evidence under section 232.116(1)(h). As that is the only challenge raised by the father, we affirm the juvenile court's decision to terminate the father's parental rights.

**AFFIRMED.**